UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN WARREN DYER,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN GENERAL<br>INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.  26-cv-03129-PCP<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 7 |

Plaintiff Justin Dyer filed this state-law insurance-coverage action against defendants Metropolitan General Insurance Company and MetLife Pet Insurance Solutions, LLC in Santa Clara County Superior Court. Defendants subsequently removed the case to federal court based on diversity jurisdiction. Dyer now moves to remand, arguing that the Court lacks diversity jurisdiction because defendants have not established that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), 1441(a). For the reasons that follow, the motion is denied.

**BACKGROUND**

This complaint arises from a pet-insurance agreement between Dyer and Metropolitan General. According to Dyer's complaint he "held a pet insurance policy issued by" Metropolitan General that "cover[ed] [his] dog, Knox." The [a]dministrative and claims handling services" for the policy "were provided by" MetLife. Dyer alleges that, during the policy period, he "submitted multiple claims for veterinary services rendered to Knox," but defendants "repeatedly delayed claim handling, failed to issue timely explanations of benefits, and denied claims without adequate explanation." In one instance, MetLife denied Dyer's claim for benefits based on its assertion— which Dyer disputes—that he had fabricated the documents underlying the claim. "As a result," Dyer alleges, he "was deprived of policy benefits and suffered economic and emotional harm."

United States District Court
Northern District of California

Based on these allegations, Dyer filed this action in Santa Clara County Superior Court, asserting claims under state law for breach of an insurance contract, breach of the implied covenant of good faith and fair dealing, defamation per se, and violation of Califronia's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Dyer's complaint seeks a variety of relief, including "[c]ompensatory damages according to proof," "[c]onsequential damages," "[e]motional distress damages," and "[s]uch other relief as the Court deems just and proper."[1] After filing his complaint, Dyer served a statement of damages on defendants. The statement estimated Dyer's "economic damages" as $20,892.69 and his "emotional distress damages" as $50,000, for a total of $70,892.69 (plus $4,000 interest and costs). The statement did not detail the punitive damages that Dyer's complaint indicates he will seek. Instead, the statement simply stated that Dyer "also seeks additional damages according to proof."

Defendants then removed the action to this Court based on diversity jurisdiction, and Dyer moved to remand.

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). As relevant here, federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* § 1332(a).

Because "[t]he defendant bears the burden of establishing that removal is proper," *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009), courts usually must resolve "any doubt" about the existence of subject-matter jurisdiction in favor of remanding an action. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Ninth Circuit has made clear, however, that courts must not permit a plaintiff "to prevent or delay removal by failing to reveal information showing removability" in the complaint or other filings. *Roth v. CHA*

---

[1] Dyer's complaint also seeks interest and costs, which are not relevant for the purpose of determining the Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a) (explaining that the amount in controversy is "exclusive of interest and costs").

*Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). So where a plaintiff "does not enumerate the [plaintiff]'s claimed damages ..., a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "Thereafter, the plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Id.* "A 'facial' attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (citation modified). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (citation modified). By contrast, "a factual attack contests the truth of the allegations themselves." *Harris*, 980 F.3d at 699 (citation modified). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the ... jurisdictional threshold." *Id.*

## ANALYSIS

Defendants have carried their burden of establishing that removal was proper based on diversity jurisdiction.

First, defendants have demonstrated complete diversity. Dyer's complaint states that he resides in Santa Clara County, and he has not represented that he has any intent to leave this state, so he is a citizen of California. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants' notice of removal asserts that Metropolitan General is incorporated and has its principal place of business in Rhode Island, so it is a citizen of Rhode Island. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The notice further asserts that MetLife is incorporated in Kentucky and has its principal place of business in Indiana, so it is a citizen of those states. *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 92–93. Dyer has not argued otherwise.

Second, defendants have established that the amount in controversy satisfies the jurisdictional threshold. Dyer argues that defendants' allegation as to the amount in controversy is

implausible because it is based on a misinterpretation of his statement of damages. In Dyer's view, the statement establishes an amount in controversy of only $70,869.69, the sum of his enumerated his economic and emotional-distress damages. But that argument ignores the language in Dyer's statement that he "seeks additional damages" beyond those enumerated economic and emotional-distress damages. Dyer cannot escape federal jurisdiction simply because he declined to enumerate other categories of damages that he expressly states he will seek. *See Roth*, 720 F.3d at 1125. As his complaint makes clear, those additional damages include "punitive damages." Dyer does not explain why it is implausible that his punitive damages could bring the total amount in controversy above $75,000, which would require only that his punitive damages exceed $4,130.31. Nor could he. "California courts have often approved punitive damages exceeding a four-to-one ratio" depending "on the severity of the defendant's misconduct, the injury caused, and the financial condition of the defendant." *Adgate v. Robinson Ford Sales, Inc.*, 208 F.3d 220 (9th Cir. 2000); *see also Mave Enters., Inc. v. Travelers Indem. Co.*, 219 Cal. App. 4th 1408, 1437 (2013), *as modified* (Oct. 23, 2013). It is plausible, then, that Dyer's punitive damages will far exceed $4,130.31 if he is awarded the $70,869.69 he seeks in compensatory damages. That suffices to establish diversity jurisdiction.

In a last-ditch effort to avoid federal jurisdiction, Dyer offers a "binding stipulation" in both his motion and reply that he "will not seek, demand, or accept any recovery exceeding $75,000 total in this action[.]" Had Dyer so stipulated in state court *before* removal, it might have destroyed federal jurisdiction and required remand. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). But a stipulation made *after* removal "does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). That is because "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction … if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.), *as amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999). Thus, even assuming that Dyer is bound by the statements in his motion and reply, that does not bear on the Court's jurisdiction of this action or require remand.

United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, Dyer's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: June 22, 2026

_____
P. Casey Pitts
United States District Judge

5