United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUSTIN WARREN DYER,
Plaintiff,
v.
METROPOLITAN GENERAL INSURANCE COMPANY, et al.,
Defendants.

Case No. 26-cv-03129-PCP (VKD)

**ORDER RE JULY 13, 2026 DISCOVERY DISPUTE RE NON-PARTY SUBPOENAS**

Re: Dkt. No. 29

Plaintiff Justin Dyer and defendants Metropolitan General Insurance Company and MetLife Pet Insurance Solutions, LLC (collectively, "defendants") ask the Court to resolve their dispute regarding defendants' proposed subpoenas to three non-parties. Dkt. No. 29. The Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

Defendants' proposed subpoenas[1] are directed to three veterinary clinics that treated Mr. Dyer's dog and for which Mr. Dyer submitted claims for benefits under a pet insurance policy issued and administered by defendants. Dkt. No. 29 at 1-2, Ex. A. Mr. Dyer objects that the subpoenas are "overly broad, seek information that is cumulative of records already available to Defendants, and are not narrowly tailored to any specific issue in dispute." *Id.* at 1. In addition, Mr. Dyer expresses concern that compliance with the subpoenas "could interfere with the existing veterinarian-client relationship and ongoing medical care" for his dog. *Id.* at 2.

As defendants correctly observe, a party generally has no standing to move to quash a subpoena served upon a non-party, or seek a protective order preventing compliance, unless the

[1] Defendants advise that the subpoenas have not yet been served. Dkt. No. 29 at 4.

party claims a personal right or privilege with respect to the documents requested in the subpoena. *See, e.g., FemtoMetrix Inc v. Huang*, No. 23-mc-80332-TSH, 2024 WL 396186, at *5 (N.D. Cal. Feb. 1, 2024); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-2865-EMC (PHK), 2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023); *Handloser v. HCL Am., Inc.*, No. 19-cv-01242-LHK (VKD), 2020 WL 4700989, at *4 (N.D. Cal. Aug. 13, 2020); *Wells Fargo & Co. v. ABD Ins*., No. 4:12-cv-03856-PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012). Mr. Dyer does not assert that the subpoenas require the disclosure of privileged information. To the extent he asserts that compliance "could" interfere with his relationship with his dog's veterinarians or his dog's medical care, this assertion is vague, unsupported, and, frankly, implausible.

Conversely, defendants have demonstrated that the discovery they seek by means of the proposed subpoenas is directly relevant to the claims and defenses at issue in this action. *See* Dkt. No. 29 at 3. While a non-party subpoena recipient has the right to challenge the subpoena on any appropriate grounds, *see* Fed. R. Civ. P. 45(d)(3), there is no basis for Mr. Dyer to assert objections on *the non-parties' behalf*. This is particularly so here, where none of the veterinary clinics has yet objected to any of the subpoenas and may well be able to resolve any objections they might have with defendants. *See Handloser*, 2020 WL 4700989, at *4 ("[A]s a general matter, a party has no standing to move to quash or for a protective order on the grounds that a subpoena seeks irrelevant information or would impose an undue burden on the non-party . . . . [A]fter receiving [third party] VDart's objections, plaintiffs attempted to address VDart's concerns . . . . These efforts are precisely what Rule 45 requires.").

Defendants advise that, in connection with their pre-litigation investigation of Mr. Dyer's claims for benefits, they sought to obtain records directly from the veterinary clinics in question, but that Mr. Dyer instructed those clinics to not provide the information defendants requested. Dkt. No. 29 at 3. The Court takes the opportunity to remind Mr. Dyer that, if and when defendants serve the proposed subpoenas on the non-party veterinary clinics, he may not interfere with defendants' efforts to obtain discovery from these non-parties. *See Handloser v. HCL Am., Inc.*, No. 19-cv-01242-LHK (VKD), 2020 WL 6205214, at *1 (N.D. Cal. Oct. 22, 2020) (sanctioning defendant for interfering with plaintiffs' efforts to obtain discovery from non-party

pursuant to a subpoena); *see also id.* at *5 (discussing other cases).

Accordingly, the Court denies Mr. Dyer's request for an order precluding service and enforcement of the proposed subpoenas.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge